UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FRED LEE McHAFFIE, JR.,      )
                       )
        Plaintiff,         )
                       )
                       )
v.                      )      No. 3:08-CV-246
                       )      (Varlan/Guyton)
                       )
MICHAEL J. ASTRUE,        )
Commissioner of Social Security,   )
                       )
        Defendant.     )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal

Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding

disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings and

Memorandum in Support  [Docs. 14 and 15] and Defendant's Motion for Summary Judgment and

Memorandum in Support [Docs. 16 and 17].  Plaintiff Fred Lee McHaffie, Jr., seeks judicial review

of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant

Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On January 2, 2004, the Plaintiff filed an application for disability insurance benefits under

Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, claiming disability as of August 9,

2001.  [Tr. 16].  After his application was denied initially and also denied upon reconsideration,

Plaintiff requested a hearing.  On June 26, 2007, a hearing was held before an ALJ to review

1

determination of Plaintiff's claim. [Tr. 16]. On November 9, 2007, the ALJ found that Plaintiff

was not disabled. The Appeals Council denied Plaintiff's request for review; thus the decision of

the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the

Commissioner's decision.

## I.     ALJ FINDINGS

The ALJ made the following findings:

1. The claimant met the insured status requirements of the Social
Security Act through September 30, 2002.

2. The claimant has engaged in substantial gainful activity since
August 9, 2001, the alleged onset date (20 CFR 404.1520(b),
404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairments: history of
transverse myelitis; status post left ulnar nerve decompression
surgery with submuscular transposition; cognitive disorder not
otherwise specified (NOS); depressive disorder; reading disorder;
rule out mathematics disorder; and obesity (20 CFR 404.1520(c) and
416.920(c)).

4. The claimant does not have an impairment or combination of
impairments that meets or medically equals one of the listed
impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
404.1520(d), 404.1525, 401.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned
finds that the claimant has the residual functional capacity to perform
light work except he is unable to work at heights or around moving
and dangerous machinery; has poor ability for reading and writing;
unable to learn, understand, and carry out more than simple job
instructions; unable to handle frequent contact with the general
public; unable to perform frequent bending and stooping; and unable
to operate foot controls on a frequent basis. In addition, he has no
more than 50 percent decreased grip with his non-dominant left hand.

6. The claimant is unable to perform any past relevant work (20 CFR
404.1565 and 416.965).

2

7. The claimant was born on April 17, 1975 and was 26 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited special education with marginal literacy and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 9, 2001 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 18-27]

## II.    DISABILITY ELIGIBILITY

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he

applied for work. 42 U.S.C. § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

Plaintiff bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden

shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that

there is work available in the national economy that the claimant could perform. Her v. Comm'r

of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.    STANDARD OF REVIEW

In reviewing the Commissioner's determination of whether an individual is disabled, the

Court is limited to determining whether the ALJ applied the correct legal standards and whether

there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of

Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial

evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v.

4

Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, to determine whether the ALJ's decision was supported by substantial evidence, the Court is limited to examine the evidence that was available to the ALJ at the time of the hearing. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). Lastly, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv.,46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

Where a party presents new evidence on appeal, this Court's ability to remand for further consideration of the evidence is bound by the guideposts established by 42 U.S.C. § 405(g). 42 U.S.C. § 405(g); Brainard v. Sec'y of Health & Human Serv., 889 F.2d 679, 681 (6th Cir. 1989). Sentence six of that provision allows the court to remand a case to the Commissioner to consider additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). These requirements are conjunctive and Plaintiff must prove each to warrant a remand. See Oliver v. Sec'y of Health and Human Serv., 804 F.2d 964, 966 (6th Cir. 1986). Again, Plaintiff bears the burden of proving that the additional evidence he wishes to admit meets the requirements set forth in § 405(g). Id.

5

# IV.   ANALYSIS

On appeal, Plaintiff does not expressly attribute any error to the unfavorable decision of the

ALJ.[1]   Rather, Plaintiff argues that the Appeals Council erred by failing to give appropriate weight

to the medical records and professional opinion of Dr. Pradumna Jain ("Dr. Jain"), Plaintiff's

treating psychiatrist, which were supplied to the Appeals Council after the ALJ made his final

decision in this case.  [Doc. 15 at 5].  Accordingly, Plaintiff asks this Court to consider the new

evidence and reverse the decision of the ALJ, or alternatively, to remand the case for further

proceedings pursuant to 42 U.S.C. § 405(g).  [Doc. 15 at 7].  The Commissioner, in response,

contends that remand to consider the new evidence submitted by Dr. Jain is inappropriate because

Plaintiff fails to comply with the requirements of 42 U.S.C. § 405(g).  [Doc. 17 at 17].

## A.   Admissibility of Additional Evidence

Plaintiff has filed an appeal to have the decision of the ALJ reversed or alternatively, to have

his case remanded to the Secretary for further consideration to incorporate the additional psychiatric

evidence proffered by Plaintiff's treating psychiatrist, Dr. Jain, who concluded that Plaintiff suffered

from bipolar disorder, a Listing-level disability. [Doc. 15 at 7].  The admissibility of this additional

---

[1]In his "Conclusion," Plaintiff cites case law which implicitly asks the Court to reverse
the ALJ's decision because it lacks the support of substantial evidence.  [Doc. 15 at 6].
However, Plaintiff's argument exclusively addresses the evidence submitted by Dr. Jain and the
appropriateness of remand.  Looking at Plaintiff's memorandum [Doc. 15] the brief mentions of
reversal appear to be no more than accidental insertion sof the word "reversal," perhaps,
supplied in a template.

However, even treating these brief references as a prayer for reversal, it is the Plaintiff's
burden to prove reversal is appropriate, and Plaintiff's brief eluding to case law, absent any real
factual argument, will not satisfy this burden.  Furthermore, it is well-established that a district
court "may not reverse an [ALJ]'s decision on the basis of evidence first submitted to the
Appeals Council."  Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993).  Therefore, any argument
Plaintiff may have asserted to reverse the ALJ's decision for lack of substantial evidence
supporting the decision fails.

6

evidence brought before this Court subsequent to the ALJ's decision is governed by 42 U.S.C. §

405(g), specifically sentence six of that statute. That provision states that "[t]he court . . . may at

any time order additional evidence to be taken before the Commissioner of Social Security, but only

upon a showing that there is new evidence which is material and that there is good cause for the

failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).

Plaintiff bears the burden of demonstrating that remand is proper pursuant to § 405(g). Oliver v.

Sec'y of Health and Human Serv., 804 F.2d 964, 966 (6th Cir. 1986). Accordingly, as the

Commissioner rightly states, Plaintiff must show that the additional evidence is new and material,

and Plaintiff must show good cause for his failure to submit the additional evidence during the initial

administrative proceedings. Sizemore v. Sec'y of Health & Human Serv., 865 F.2d 709, 711 (6th

Cir. 1988).

To satisfy the requirement that the evidence be "new," Plaintiff must show that the additional

evidence which he is seeking to introduce was unavailable at the time of the ALJ hearing. As the

United States Supreme Court stated, evidence is considered "new" only if it was "not in existence

or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein,

496 U.S. 617, 626 (1990); see also Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Plaintiff

offers no explanation as to why Dr. Jain's analysis and diagnosis or that of a similar-minded medical

professional were unavailable to Plaintiff prior to the hearing. Although Dr. Jain's reports were

actually compiled after the decision of the ALJ, as the Commissioner contends, "Plaintiff could .

. . have sought further psychiatric treatment or his attorney could have sent Plaintiff further

psychiatric assessments prior the ALJ's decision." [Doc. 17 at 16]. In the absence of such an

explanation as to why the evidence was initially unavailable, it is fair to conclude that the evidence

put forth in Dr. Jain's treatment records was available to Plaintiff prior to the hearing. Therefore, the evidence cannot be considered "new," and Plaintiff's request for a remand to consider additional evidence is denied because he has failed to satisfy the "new" requirement established by § 405(g).

The Court recognizes that it is under no obligation to continue its analysis of the remaining § 405(g) requirements because Plaintiff has failed to demonstrate that the evidence he seeks to admit is new. That acknowledgment notwithstanding, the Court will briefly discuss the remaining § 405(g) requirements, out of an abundance of caution.

To satisfy the good cause requirement, Plaintiff "must give a valid reason for failing to obtain relevant examinations prior to the hearing." Cotton, 2 F.3d at 695. As the Commissioner points out, Plaintiff, in his argument, provides no explanation for his failure to obtain the evidence prior to the hearing. [Doc. 17 at 16]. However, in another section of his memorandum, Plaintiff states that he cannot be punished for failing to raise the question of his bipolar disorder when he sought treatment from his general practitioner while under care for depression. [Doc. 15 at 3]. Treating this statement as an argument, it appears to the Court that Plaintiff is indirectly contending that the reason for his failing to obtain evidence about his bipolar disorder prior to the hearing is that he did not know about the disorder, nor should he have. Like any other lay person, Plaintiff put himself into the care of a doctor whom Plaintiff hoped would properly diagnose ailments and treat them accordingly. [Doc. 15 at 3]. Although this is a sympathetic position, ignorance should not qualify as a valid reason for failing to obtain evidence. See Heimerman v. Chater, 939 F.Supp. 832 (D. Kan. 1996) ("Any miscalculation on plaintiff's part of what evidence was necessary to bear [his] burden [of proof for sentence six remand] is insufficient to supply good cause for why the reports were not obtained at the prior hearing"). If anything, Plaintiff's knowledge that he was depressed

8

should have only enhanced his suspicions about a potential bipolar diagnosis and should have led him to seek a doctor's care for that specific ailment. Here, although Plaintiff ultimately sought psychiatric treatment for what was later diagnosed as a bipolar disorder, he did so after the hearing. Plaintiff has demonstrated no good cause for failing to obtain this evidence before the hearing. Accordingly, the evidence regarding his diagnosis and treatment for bipolar disorder cannot be admitted and Plaintiff's request for reversal or alternatively, remand, should be denied. To do otherwise would directly contravene the legislative intent of § 405(g). Willis v. Sec'y of Health & Human Serv., 727 F.2d 551, 554 (6th Cir. 1984).

The final element to be examined under a § 405(g) analysis is the evidence's materiality. To satisfy the materiality requirement, Plaintiff must prove "that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Sizemore, 865 F.2d at 711. Plaintiff contends that the new evidence is material because Dr. Jain's bipolar diagnosis falls firmly within the social security guidelines for disability. [Doc. 15 at 6]. In response, the Commissioner contends that the Plaintiff has failed to establish that there was a reasonable probability that the ALJ would have found differently had he considered the additional evidence. [Doc. 17 at 14]. Specifically, the Commissioner argues that the ALJ would have reached the same conclusion after having considered Dr. Jain's opinions because Dr. Jain's finding of a Listing-level disability is not consistent with his treatment notes and overall analysis. [Doc. 17 at 14].

Although materiality represents Plaintiff's best chance of satisfying one of the § 405(g) requirements, the Court concludes that Plaintiff has failed to demonstrate that there was a reasonable probability that the ALJ would have ruled differently had he considered Dr. Jain's treatment

9

conclusions and records. The ALJ would not grant Dr. Jain's opinion as much weight as Plaintiff would hope because Dr. Jain's conclusions and analysis appear in forms in which the doctor failed to give adequate medical support to his opinions. See 20 C.F.R. 404.1527(d)(3) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion"). As the Commissioner notes, Dr. Jain found Plaintiff's condition to be "unremarkable" in a number of areas where one would otherwise expect more remarkable findings from an allegedly bipolar patient. [Tr. 373, 375, 377]. Although the Court acknowledges that Dr. Jain's opinions do not mirror those previously considered by the ALJ in making his decision, the Court finds that the findings would not have resulted in a different disposition. Aside from the dearth of support included in Dr. Jain's opinion, this finding stems from the ALJ's express skepticism for the testimony of the Plaintiff regarding his limitations and afflictions where such testimony was inconsistent with the objective medical evidence. [Tr. 25]. The burden of proof is on Plaintiff and Plaintiff has failed to demonstrate that there was a reasonable probability that the ALJ would have ruled in his favor had the ALJ considered Dr. Jain's testimony, and therefore, the Court finds that Plaintiff has failed to demonstrate the materiality prong.

10

## V.     CONCLUSION

In this case, Plaintiff has not established the requirements for a sentence six remand for the

consideration of new evidence pursuant to 42 U.S.C. § 405(g).  Accordingly, the Court finds that.

Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Judgment on the Pleadings

[Doc. 14] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 16] be

**GRANTED**.

                                                      Respectfully submitted,


                                                      ___s/ H. Bruce Guyton_____
                                                      United States Magistrate Judge

_____

[2]Any objections to this Report and Recommendation must be served and filed within ten
(10) days after service of a copy of this recommended disposition on the objecting party.  Such
objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.
Failure to file objections within the time specified waives the right to appeal the District Court's
order.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide
de novo review where objections to this report and recommendation are frivolous, conclusive or
general.  Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved
for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).